sufficiency of the evidence will not be considered in the absence of the proper preservation of a motion for a new trial.

3. APPEAL AND ERROR, § 800*—*insufficiency of transcript to preserve ruling on motion.* The failure to preserve a motion for a new trial on the ground of the weight or sufficiency in the bill of exceptions is not obviated by a recital in the clerk's transcript that such a motion was made and overruled.

4. INSTRUCTIONS, § 133*—*presentation of opposing theories.* An instruction framed to present plaintiffs' theory of the case and not that of defendants', which is presented by other instructions given at defendants' request, is not erroneous.

---

## Wallace L. De Wolf et al., Appellees, v. Marguerite Springer, Executrix, Appellant.

### Gen. No. 20,220.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914.

### Statement of the Case.

In an action by Wallace L. DeWolf and others against Marguerite Springer, as executrix, an order entered found due from Warren Springer in his lifetime the sum of $25,000, and provided, "that judgment be and the same is hereby entered upon said finding against the estate of said Warren Springer, deceased, and against said Marguerite Springer as executrix of the last will and testament of the said Warren Springer, deceased." Such order was amended by striking out the words "estate of said Warren Springer, deceased," and adding "as a claim of the seventh class to be paid in due course of administra-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion." The defendant appealed and questioned the power to amend such judgment subsequent to entry.

Eugene M. Bumphrey, for appellant.

George W. Wilbur, for appellees.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Judgment, § 256*—*what amendment may be allowed after term.* An amendment to a judgment against the estate of a person and against the executrix of such person by striking out the words as to the estate and adding words requiring the claim "to be paid in due course of administration," makes a change in a matter of mere form and not of substance, and such amendment may be made after the term from the pleadings and files in the case and the entries in the clerk's minute books.

2. Executors and administrators, § 272*—*when claim against estate may be classified in judgment.* The classification of a claim against a deceased person in a judgment is a matter of form and is proper under the statutes as to the allowance of claims against estates.

3. Judgment, § 252*—*when judgment may be amended after term.* Consent to the entering of a judgment against an estate goes to the substance rather than to the form of the judgment, and the court may under the statute of amendments and jeofails, correct such judgment in order to render it effective "so that it shall not be reversed and annulled."

---

Edward J. Toolan, Defendant in Error, v. Chicago Daily News Company, Plaintiff in Error.

Gen. No. 19,512. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Harry P. Dolan, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed December 22, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.